IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A.C.P., <br><br>       Petitioner, <br><br>    vs. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, *et al.*, <br><br>       Respondents. | Civil No. 1:26-cv-04706-MWJS <br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE <br><br> A# 070-162-288 |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Jorge A.C.P.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

Petitioner was convicted of assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), on April 5, 2023.  Dkt. No. 8-1, at pgs. 9, 12.  Upon his release from state custody on December 5, 2023, U.S. Immigration and Customs Enforcement arrested Petitioner, and he has been detained since.  *Id.* at pg. 9; Dkt. No. 1, at pg. 5.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Based on this conviction, the Department of Homeland Security (DHS) issued a Final Administrative Removal Order (FARO) against Petitioner pursuant to 8 U.S.C. § 1228(b) on December 29, 2023.  Dkt. No. 10-1, at pg. 1.  Section 1228(b) authorizes an expedited removal process for noncitizens charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) based on an aggravated felony conviction.  8 U.S.C. § 1228(b)(1).  The FARO was administratively final upon issuance.  *See Riley v. Bondi*, 606 U.S. 259, 267 (2025).

After Petitioner expressed a fear of returning to his country of origin, he was placed in withholding-only proceedings.  Dkt. No. 8-1, at pg. 2.  An immigration judge ultimately denied Petitioner's application for protection on September 4, 2024, and the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal from that decision on February 3, 2025.  *See* Dkt. No. 8-2, at pg. 3.  The same day, Petitioner filed in the Ninth Circuit a petition for review and a motion to stay removal.  The Ninth Circuit granted an automatic, temporary stay, that remained in place until the court granted Petitioner's stay request.  That stay was to remain in place until the court issued its mandate.  The Ninth Circuit denied the petition on November 24, 2025.  *Cruz Pineda v. Bondi*, No. 25-701, 2025 WL 3269213 (9th Cir. Nov. 24, 2025).  The court then issued its mandate on January 16, 2026, thereby lifting the stay of removal.  *See* Mandate, *Cruz Pineda* (9th Cir. Jan. 16, 2026), Dkt. No. 41.

Petitioner now invokes this court's habeas jurisdiction contending that his rights have been violated under the Due Process Clause of the Fifth Amendment because he has been detained for more six months.  Dkt. No. 1, at pgs. 16–17.

The Immigration and Nationality Act authorizes, and sometimes requires, a noncitizen's detention.  As relevant here, 8 U.S.C. § 1231(a) authorizes detention of a noncitizen who is subject to an administratively final order of removal.  *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).  Detention is mandatory during a ninety-day "removal period."  8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *Zadvydas*, 533 U.S. at 683.  After the removal period ends, 8 U.S.C. § 1231(a)(6) authorizes an additional period of detention in certain circumstances—that is, the "post-removal-period."  *Zadvydas*, 533 U.S. at 683; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021).  One such circumstance is if the noncitizen is removable under 8 U.S.C. § 1227(a)(2).  8 U.S.C. § 1231(a)(6); *Guzman Chavez*, 594 U.S. at 528–29.

Such detention, however, cannot be indefinite.  The Supreme Court has explained that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States."  *Zadvydas*, 533 U.S. at 689.  Detention under 8 U.S.C. § 1231(a)— that is, detention during both the removal period and post-removal-period timeframe— is presumptively reasonable for a period of six months.  *Zadvydas*, 533 U.S. at 701.  After

3

six months, if the noncitizen provides good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, the government must rebut

that showing with evidence.  *Id.*  The Supreme Court has made clear that although

indefinite detention is not permitted, a noncitizen can be detained pursuant to 8 U.S.C.

§ 1231(a)(6) so long as there is a significant likelihood of removal in the reasonably

foreseeable future.  *Id.*  Absent that, courts must "hold continued detention

unreasonable and no longer authorized by statute."  *Id.* at 699–700.

Here, Petitioner's removal period began upon issuance of the FARO on

December 29, 2023, and his ninety-day period of mandatory detention therefore ended

on March 28, 2024.  Petitioner was also subject to post-removal-period detention

pursuant to 8 U.S.C. § 1231(a)(6) because he was found removable under 8 U.S.C.

§ 1227(a)(2)(A)(iii).  Dkt. No. 10-1, at pg. 1; *see also Balvaneda Raddatz v. Garland*, 856 F.

App'x 79, 81 (9th Cir. 2021) (stating that a conviction for assault with a deadly weapon

under California Penal Code § 245(a)(1) is an aggravated felony under 8 U.S.C.

§ 1227(a)(2)(A)(iii)).  The presumptively reasonable, six-month period of detention

ended on June 29, 2024.

The question now before the court is whether Petitioner's ongoing detention has

exceeded "a period reasonably necessary to secure removal."  *Zadvydas*, 533 U.S. at 699.

The court finds that it does not, at least not currently and on the existing record.  In

reaching this conclusion, the court notes that while Petitioner's withholding-only

4

proceedings were pending, DHS could not effectuate removal.  *See* 8 C.F.R. § 208.5;

*Luna-Garcia v. Holder*, 777 F.3d 1182, 1183 (10th Cir. 2015).  And, after the BIA issued its

decision, Petitioner timely filed a petition for review and moved for a stay of removal.

The Ninth Circuit imposed a stay that remained in place until relatively recently—that

is, until January 16, 2026.  DHS could not remove Petitioner while the Ninth Circuit's

stay was in place.  Although approximately five and a half months have passed since

the Ninth Circuit lifted its stay, Petitioner has not provided good reason to believe that

there is "no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 701.  Indeed, Petitioner does not address the likelihood of removal

in the petition, Dkt. No. 1, and he did not file a reply to Respondents' response, Dkt.

No. 8.

Because Petitioner has not carried his burden of providing good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future,

the burden does not shift to Respondents, and the Court therefore DENIES the petition

without prejudice.  *See, e.g.*, *Tashchian v. Warden of Golden State Annex Det. Facility*, No.

//

//

//

//

//

//

5

1:25-cv-00752-SKO (HC), 2025 WL 2988535, at *2 (E.D. Cal. Sept. 19, 2025). Considering

the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of

Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED: June 30, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04706-MWJS; *Jorge A.C.P. v. Warden of the California City Detention Center*, et al.; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE